UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA CASE NO.: 8:19-CR-00548-T-02SPF

v.

ROLANDO JAVIER MERO DELGADO

---

**DEFENDANT'S SENTENCING MEMORANDUM**

---

COMES NOW THE DEFENDANT, ROLANDO JAVIER MERO DELGADO (hereinafter "Mr. Delgado"), by and through his Undersigned Counsel and hereby files this Sentencing Memorandum.

## STATEMENT OF FACTS

On November 14, 2019, a grand jury in the Middle District of Florida returned a two-count indictment naming Mr. Delgado and others as co-defendants. Pre-Sentence Report ("PSR") 4¶1 Mr. Delgado was charged with one count of conspiracy and one count of substantive possession with intent to distribute cocaine while on board a vessel subject to United States jurisdiction. *Id.* at ¶¶2-3.

Mr. Delgado pled guilty to count one (conspiracy) pursuant to a plea agreement before The Honorable William Jung on January 9, 2020. PSR - 4 ¶5. The plea agreement called for the dismissal of count two at sentencing. PSR - 4 ¶6.

## SENTENCING GUIDELINES CALCULATION

Mr. Delgado is responsible for 1,048 kg of cocaine for a base offense level of 38. PSR - 7 ¶23. He is properly scored as a criminal history category I. PSR - 8 ¶35. Mr. Delgado is given a two-point reduction under the limitation provisions of U.S.S.G. §5C1.2. PSR – 7 ¶24. He receives a full 3 point reduction for acceptance of responsibility. *Id.* at pp 7-8. His total offense level is 33. Mr. Delgado qualifies for "safety valve" provisions, and the guideline sentence range is 135 to 168 months. PSR 11 ¶70.

## REQUEST FOR VARIANCE AND REASONABLE SENTENCE OF 90 MONTHS

Mr. Delgado respectfully requests that this Court sentence him to 90 months of imprisonment. This Court is aware of the wide discretion given by *Booker* and its progeny, so there is no need to reiterate it here. Under the factors laid out by 18 USC § 3553(a), a 90-month sentence is appropriate.

Mr. Delgado presents a unique factual circumstance that merits a variance under 18 USC § 3553(a)(1). He was mistreated by his father when he was 11 years old after his mother died. PSR pp 8-9. His father and stepmother mistreated him, and his father abused alcohol when he was a child. PSI 9 ¶ 41. Prior to his arrest, Mr. Delgado lived in a three-bedroom, one bathroom home with his wife, three teenaged children, a daughter in law, and one grandchild. PSI 10 ¶ 54. Photos of his family are attached to this memorandum. Mr. Delgado has abused alcohol in large quantities on an almost daily basis and is in need of treatment for alcohol addiction and is amendable to treatment. PSI 10 ¶ 58.

Furthermore, under § 3553(a)(6), a variance is merited in order to avoid a disparity in sentences for defendants with similar records and similar guilty conduct. Codefendant Franco-

Constante received a sentence of 94 months, and codefendant Pilligua-Mendoza (who claimed nationality for the vessel) received a sentence of 90 months. Mr. Delgado is no more culpable than these two codefendants and should receive a variance and a similar sentence as a result.

A reasonable sentence of 90 months would deter criminal conduct, meet the sentencing objectives of 18 USC § 3553(a), and reflect the nature and circumstances of the offense and Mr. Delgado's characteristics and history, and not punish him disproportionately to his similarly culpable codefendants.

Respectfully submitted,

_____
CHRISTOPHER DELAUGHTER, ESQUIRE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by E-mail (Tereza.Ohley@usdoj.gov), THE OFFICE OF THE ASSISTANT UNITED STATES ATTORNEY, this 25th day of November, 2020.

_____
CHRISTOPHER DELAUGHTER, ESQUIRE
506 North Armenia Ave.
Tampa, Florida 33609
Tel:(813) 877-6970
Fax: (813) 879-2610
chris@BarrorLaw.com
Florida Bar No.   0039629











