UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No.: 8:19-cr-548-WFJ-SPF

ROLANDO JAVIER MERO-
DELGADO
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Rolando Javier Mero-Delgado, USM#: 73030-018, moves, *pro se*, (Dkt. 118) for a reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On December 4, 2020, Rolando Javier Mero-Delgado was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. U.S.C.§ 960(b)(1)(B)(ii) for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received 100 months in prison. Mr. Mero-Delgado's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Mero-Delgado's advisory sentencing range was 135 to 168 months. He received the benefit of the safety valve. The Court varied downward below the guideline range based on drug and alcohol dependence, his family ties and

responsibilities, lack of youthful guidance, his abandonment by his father, his childhood mistreatment, his being forced to start working at a young age, remorse, acceptance of responsibility, and cooperation without a Government motion for departure. The Bureau of Prisons online inmate locator shows a release date from BOP custody as of December 24, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Mero-Delgado's term of imprisonment (100 months) below the minimum of the amended guideline range of 108 to 135 months.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 143. The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Rolando Javier Mero-Delgado because he "was sentenced below the minimum

guideline range." *Id.* This Court provided 21 days for any *pro se* filing, but nothing has been filed. Dkt. 144.

Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 100-month sentence. Defendant was part of this significant Colombian marine smuggling venture involving well over a ton of pure cocaine, transported far out into the Eastern Pacific Ocean. Movant obstructed the arrest by jettisoning bales of cargo, and the Coast Guard recovered 23 jettisoned bales from the water. Dkt. 104 at 5–6. Movant previously received a significant downward variance. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Ecuador and will most likely be deported after serving his sentence.

Mr. Rolando Javier Mero-Delgado's *pro se* motion (Dkt. 118) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on June 16, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE